# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ONPOINT SYSTEMS, LLC | § | |
| | § | Civil Action No. 4:20-cv-657 |
| v. | § | Judge Mazzant |
| | § | |
| PROTECT ANIMALS WITH | § | |
| SATELLITES, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #42). Having considered the Motion, the Court finds it should be **GRANTED**.

## BACKGROUND

This is a patent infringement suit. On September 1, 2020, Plaintiff OnPoint Systems, LLC ("OPS") sued Defendant Protect Animals with Satellites, LLC ("PAWS") for infringing U.S. Patent No. 9,848,295 (the "'295 patent") (Dkt. #1). On April 6, 2021, OPS moved to amend its pleading to allege infringement of U.S. Patent No. 9,538,329 (the "'329 patent") (Dkt. #19).

The parties dispute a proposed second amended complaint. On June 11, 2021—the deadline to amend pleadings—OPS moved for leave to additionally allege infringement of U.S. Patent Nos. 9,922,522 (the "'522 patent") and 9,924,314 (the "'314 patent") (Dkt. #23; #42). On June 25, 2021, PAWS responded (Dkt. #48). On July 1, 2021, OPS replied (Dkt. #54). On July 7, 2021, PAWS filed a sur-reply (Dkt. #56).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading

before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline

has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

OPS asks for leave to amend its complaint to allege infringement of the '522 and '314 patents (Dkt. #42). PAWS opposes, arguing OPS's amendment is unduly delayed, futile, and would cause undue prejudice (*See* Dkt. #48). The Court applies the Fifth Circuit's analysis under Rule 15(a) and finds that the five factors support granting leave to amend.

### 1. Undue Delay

OPS timely filed its motion for leave. "Federal courts within the Fifth Circuit have found that there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *American Legend Homes v. Navigators Specialty Ins.*, No. 4:19-cv-0035, 2019 WL 5721634, at *5, (E.D. Tex. Nov. 5, 2019) (citing *Arrieta v. Yellow Transp.*, 2007 WL 2051115, at *1 (N.D. Tex. 2007). On June 2, 2021, PAWS sent OPS discovery in the form of source code pages (Dkt. #42 at p. 4). OPS states reviewing the source code took time due to its volume and complex nature (Dkt. #42 at p. 4). On June 11, 2021, the same day as the court-ordered deadline

to amend, OPS moved for leave to add factual allegations it learned from reviewing PAWS's source code (Dkt. #23, #42 at p. 4-5). The Court finds OPS's last-minute filing understandable given it filed nine days after receiving the voluminous and complex source code pages from PAWS (Dkt. #42 at p. 4). OPS potentially could have filed earlier if PAWS did not delay in sending discovery (*See* Dkt. #42 at p. 4). Thus, the Court finds this first factor weighs in favor of granting leave to amend.

### 2. Bad Faith or Dilatory Motive

The Court finds OPS did not act in bad faith or with dilatory motive in filing its motion for leave. PAWS alleges OPS has "no good faith basis for maintaining this lawsuit" and seeks to "derail and prolong litigation"  by filing this motion for leave to amend (Dkt. #48 at p. 1). But OPS's amendment adds factual allegations learned during discovery and it did not have sufficient information to assert these claims until now (Dkt. #42 at p. 4-5; #54 at p. 1-2). By its very name, discovery uncovers previously unknown facts and sometimes those facts surface right before the deadline to amend. Thus, the Court finds this second factor weighs in favor of granting leave to amend.

### 3. Repeated Failure to Cure Deficiencies by Previous Amendments

The Court finds OPS did not fail to cure deficiencies by previous amendments. While PAWS does not explicitly address this factor, it suggests OPS could have included the information in an earlier pleading (*See* Dkt. #48 at p. 4-6, 9-10). But OPS only became aware of the alleged infringement after receiving PAWS's source code on June 2, 2021 (*See* Dkt. #42 at p. 4-5; #54 at p. 1-2). As addressed above, if OPS learned of the alleged infringement after June 2, 2021, then it could not have included the information in an earlier pleading. Thus, this third factor weighs in favor of granting leave to amend.

4

#### 4.   Undue Prejudice to the Opposing Party

The Court finds PAWS will not be unduly prejudiced by this amendment. PAWS argues that if the Court grants OPS leave, then discovery and claim construction will have to restart and deadlines will need to be extended (Dkt. #48 at p. 5, Dkt. #56 at p. 3). This is premature. The pretrial conference is currently scheduled for August 25, 2022, leaving over one year for discovery and pretrial matters. Discovery is still in its beginning stages and so it would not have to reopen, merely continue (Dkt. #42 at p. 6). *See Smith v. EMC*, 393 F.3d 590, 596 (5th Cir. 2004) (citing *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) ("A defendant is prejudiced if an added claim would require the defendant "'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court.'"). Any prejudice can be cured by the parties submitting a joint amended scheduling order. This factor favors granting leave to amend.

#### 5.   Futility of the Amendment

The amendment is not futile. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Allen v. Sherman Operating Co., LLC*, 4:20-CV-290-SDJ-KPJ, 2021 WL 860458, at *12 (E.D. Tex. Feb. 18, 2021) (quoting *Justice v. PSI-Intertek*, No. 3:20-cv-3172-S-BN, 2021 WL 39587, at *1 (N.D. Tex. Jan. 4, 2021)). Here, OPS alleges PAWS infringed the '522 and '314 patents (Dkt. #42).  OPS details where it discovered this alleged infringement (the source code paged produced by PAWS) and what infringing aspect of the accused product was learned through discovery (*See* Dkt. #42 at pp. 4-5). Considering these facts in the light most favorable to the plaintiff, OPS's amendment sufficiently states a claim under 12(b)(6). The amendment is therefore not futile.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #42) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's Second Amended Complaint is deemed filed (Dkt. #43).

**SIGNED this 26th day of July, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

6