# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ONPOINT SYSTEMS, LLC, § § *Plaintiff,* § § v. § § PROTECT ANIMALS WITH § SATELLITES, LLC, § § *Defendant.* § | Civil Action No. 4:20-CV-657 Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Stay Pending *Inter Partes* Review (Dkt. #102). After reviewing the motion and the response, the Court finds the motion should be **GRANTED**.

### BACKGROUND

On September 1, 2020, Plaintiff OnPoint Systems, LLC ("OPS") filed the present case, alleging that Defendant Protect Animals With Satellites, LLC ("PAWS") infringed on four patents owned by OPS—United States Patents Nos. 9,848,295 (the "'295 patent"), 9,538,329 (the "'329 patent"), 9,922,522 (the "'522 patent"), and 9,924,314 (the "'314 patent"). OPS requests injunctive and declaratory relief, as well as actual damages (Dkt. #43). PAWS denies the allegations, and counterclaims for declaratory relief that the patents are invalid and unenforceable and that PAWS did not infringe on any of the patents, and for injunctive relief and damages based on OPS's allegedly unfair competition and false statements (Dkt. #61).

On September 2, 2021, PAWS filed a petition with the Patent Trial and Appeal Board (the "PTAB") for *inter partes* review ("IPR") of claims 1–18 of the '295 patent. On March 4, 2022, the PTAB issued a decision granting institution of IPR on all claims of the '295 patent. *See Protect*

*Animals With Satellites, LLC v. OnPoint Systems, LLC*, No. IPR2021-01483 (P.T.A.B Mar. 4, 2022) (the '295 patent). The PTAB is expected to issue its final written decision in the IPR proceeding of the '295 patent by March 4, 2023. On June 11, 2022, PAWS filed two more petitions with the PTAB. First, PAWS filed a petition for IPR of claims 1-12 of the '314 patent. *See Protect Animals With Satellites, LLC v. OnPoint Systems, LLC*, No. IPR2022-01139 (P.T.A.B) (the '314 patent). Second, PAWS filed a petition for IPR of claims 1-18 of the '522 patent. *See Protect Animals With Satellites, LLC v. OnPoint Systems, LLC*, No. IPR2022-01141 (P.T.A.B) (the '522 patent). Responses are due on the IPR petitions for the '314 and '522 patents by approximately September 21, 2022. PAWS has not yet filed for IPR of the '329 patent.

On May 20, 2022, OPS filed the present motion to stay pending the PTAB's resolution of the various IPRs (Dkt. #102). PAWS filed its response on June 1, 2022 (Dkt. #109). On June 13, 2022, OPS filed a supplemental notice in support of its motion to stay (Dkt. #111).

## LEGAL STANDARD

The district court has inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019) (citation omitted). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Gould v. Control Laser*

2

*Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2018 WL 772654, at *6 (E.D. Tex. Feb. 28, 2017) (quotation and citation omitted).

In determining whether to grant a stay pending *inter partes* review, district courts typically consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.* 2015 WL 1069111, at *2. "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## ANALYSIS

OPS filed the present motion seeking a stay of this litigation pending IPR of three of the four patents at issue in this suit: the '295 patent, the '314 patent, and the '522 patent (Dkt. #102). PAWS opposes the motion (Dkt. #109). Accordingly, the Court will analyze the three factors relevant to determining whether a stay of district court proceedings pending resolution of IPR should be granted—(1) undue prejudice to the nonmoving party, (2) the stage of the proceedings, and (3) simplification of the issues. *NFC Tech.* 2015 WL 1069111, at *2.

### I. Undue Prejudice to the NonMoving Party

OPS argues that no party will suffer prejudice if this litigation is stayed. Rather, OPS asserts that its "proposed stay would allow the parties to try all claims—which involve the same accused product—in one trial and would promote efficiencies for both parties and the Court" (Dkt. #102 at p. 7). PAWS responds that it will be prejudiced because a stay "would only further delay PAWS'

3

legitimate interest in having its long-awaited day in court" (Dkt. #109 at pp. 9–10). PAWS further argues that the stay should be denied because not all of the patents at issue in this case have been submitted to the PTAB for IPR (Dkt. #109 at p. 9).

The Court is not convinced that the nonmovant here, PAWS, will suffer any undue prejudice from a stay of this case. First, PAWS cites to *Enventure Glob. Tech. Inc. v. Weatherford U.S., L.P.*, No. 4:19-2397, 2020 WL 12573280, at *8 (S.D. Tex. Dec. 11, 2020), to support its argument that a stay should be denied because "PAWS is not seeking IPR review for all asserted patents" (Dkt. #109 at p. 9). However, the district court in *Enventure Global* denied the defendant's motion to stay not simply because of the number of patents the defendant filed for IPR, but because the PTAB had not yet instituted IPR proceedings on *any* of the patents. *See Eventure Global*, 2020 WL 12573280, at *8 ("The Court concludes that the number of claims and patents at issue do not justify departing from the standard practice of waiting for PTAB to take action on IPR petitions before staying infringement cases."). Here, in comparison, the PTAB has instituted IPR on at least one of the asserted patents. Moreover, there is no dispute that the patent on which the PTAB instituted IPR and the remaining asserted patents are closely related. PAWS even relies on this fact to persuade the PTAB to institute IPR on the '314 patent:

> Petitioner [PAWS] notes that it is simultaneously seeking instituting of an *inter partes* review of U.S. 9,922,522, another of the asserted patents, and the board has already instituted review in IPR2021-01483, related to U.S. Patent 9,848,295, another of the asserted patents from the underlying litigation. All of these patents share the same specification, and as of OPS's most recently filed motion to amend in the 01483 IPR, the claims share a very similar claim scope with respect to GNSS augmentation. Just as the board found in *Cosentino S.A.U. v. Cambria Company LLC*, IPR2021-00216, "[i]t would be inefficient to discretionarily deny institution of the present Petition, which we find meets the statutory threshold for institution, while we proceed to trial with respect to other patents involved in the same District Court proceeding."

*Protect Animals With Satellites, LLC*, No. IPR2022-01139, at p. 73 (P.T.A.B). Thus, the Court is

not convinced that PAWS's decision to "not seek[ ] IPR review for all asserted patents" (Dkt. #109 at p. 9) precludes a stay in this case.

Moreover, it appears that neither party is genuinely interested in continuing to litigate this matter in this Court while the PTAB's IPR is ongoing. While PAWS opposes the present motion, PAWS presents an alternative to staying the case that it argues "is more pragmatic" (Dkt. #109 at p. 7). PAWS suggests that "both parties dismiss their claims and counterclaims without prejudice to refil[ing], but no such existing claim shall be refiled until after the IPRs are complete (including appeals)" (Dkt. #109 at p. 7). Furthermore, PAWS admits that it previously "offered to stay the case pending resolution of the IPR" at the time it filed for IPR of the '295 patent (Dkt. #109 at p. 10). Thus, PAWS, just like OPS, does not appear eager for this litigation to actively move forward while the IPRs are pending. Therefore, the Court concludes that PAWS will not be unduly prejudiced by a stay of this case. Accordingly, based on the facts of this case, this factor weighs in favor of granting a stay.

**II.    Stage of Proceedings**

OPS argues that the case is not in an advanced stage. Specifically, OPS asserts that "[t]he parties are currently in the final stages of fact discovery but expert reports have not been served and expert discovery has not occurred," and the deadline to file dispositive motions is still "many months away" (Dkt. #102 at pp. 6–7). PAWS disagrees, contending that this "case is near the point where it can be dismissed on summary judgment or after a jury verdict at trial" (Dkt. #109 at p. 11).

Here, there can be no dispute that this case is in an advanced stage. While the parties have not yet exchanged expert reports (Dkt. #109 at p. 9), the fact discovery deadline was June 1, 2022, and the dispositive motions deadline is set for August 17, 2022 (Dkt. #63). Further, the parties have already filed briefs and presented arguments on claim construction, which was subsequently

ruled on by the Court on May 20, 2022 (Dkt. #100). Finally, the final pre-trial conference in this matter is set for January 4, 2023, with trial set to begin on January 30, 2023 (Dkt. #65). Thus, both parties have already expended considerable time and resources in this case. Accordingly, based on the facts of this case, this factor weighs against granting a stay.

### III.  Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover Grp.*, 2015 WL 1069179, at *4).

OPS argues that a stay will simplify the issues in dispute in this case because "[w]ithout a stay, there is a risk that the Court will decide dispositive motions and oversee a trial on claims that may disappear or change" based on the PTAB's decisions (Dkt. #102 at p. 5). OPS further explains that "the PTAB may allow amended claims that will present entirely new issues" related to the patents. If that happens, "a stay would allow the parties (and the Court) to understand if and how the '295[, '314, and '522 patents] will change as a result of the IPR Proceeding[s]" and allow the parties to address any amendments to the patents (Dkt. #102 at p. 5). In general, PAWS responds that any decision by the PTAB will not resolve all of the matters at issue in this case, and thus any simplification that may occur would not outweigh the prejudice caused by a stay (Dkt. #109 at p. 12).

The Court finds that a stay will simplify the issues in this case. First, even though the PTAB has only instituted IPR review of the '295 patent, resolution of IPR on the '295 patent will generally aid in resolving the parties' other disputed claims. *See NFC Tech.*, 2015 WL 1069111, at *7 (granting stay because "any disposition by the PTAB is likely to simplify the proceedings

6

before this Court," even though the PTAB's review was limited to less than all of the asserted claims); *Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-505, 2017 WL 7051628, at *1 (E.D. Tex. Oct. 25, 2017) (granting stay because there was "a material possibility that the outcome of all IPR proceedings will streamline the scope and resolution of this case," even though "one asserted claim [was] not [ ]under simultaneous IPR review."). Further, the PTAB is authorized to institute IPR only if "there is a reasonable likelihood that the petitioner [will] prevail with respect to at least one of the claims challenged in the petition." 35 U.S.C. § 314(a). By instituting IPR here, the PTAB expressly found that there was a reasonable likelihood PAWS "would prevail in challenging at least one of claims 1–18 of the '295 patent as unpatentable[.]"*Protect Animals With Satellites, LLC v. OnPoint Systems, LLC*, No. IPR2021-01483, at p. 2 (P.T.A.B Mar. 4, 2022). And, even if the PTAB does not invalidate any of these claims, the PTAB's insight and expertise "is likely to be of considerable assistance to the Court." *CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-140, 2019 WL 11023976, at *10 (E.D. Tex. Feb. 14, 2019); *see also Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Americas, Inc.*, No. H-15-144, 2015 WL 6394436, at *3 (S.D. Tex. Oct. 22, 2015) ("Even assuming that all of the patents-in-suit survive the IPR intact, the PTAB's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court."). Accordingly, based on the facts of this case, this factor weighs in favor of granting a stay.

## CONCLUSION

Having considered the factors outlined above, the Court finds that, on balance, the factors weigh in favor of granting a stay based on the facts of this case. It is therefore **ORDERED** that Plaintiff's Motion to Stay Proceedings Pending *Inter Partes* Review (Dkt. #102) is hereby **GRANTED**.

It is further **ORDERED** that this action is **ADMINISTRATIVELY STAYED** pending final resolution of the Patent Trial and Appeal Board's *inter partes* review of United States Patents No. 9,848,295, No. 9,922,522, and No. 9,924,314.

**IT IS SO ORDERED.**

**SIGNED this 12th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE